Deters, J., concurring in part and dissenting in part.
{¶ 49} I concur with the majority that the funds in Galvez's home and residence are subject to forfeiture based on Galvez's failure to object to the magistrate's decision and her failure to challenge on appeal that portion of the trial court's order forfeiting the funds. I also agree with the majority's conclusion that the state failed to demonstrate that it was more probable than not that the funds in Galvez's savings account, the Jayda Promotions account, and the account titled in her daughter's name constituted proceeds from the commission of a criminal offense.
{¶ 50} I disagree, however, with the majority's conclusion that the state met its burden to show that the funds in Galvez's checking account were proceeds of a criminal offense. The state presented no evidence tying the funds in that account to Williams or the drug-trafficking ring. Instead, it maintained that Galvez's admission that Williams had paid her $1000 a month and her rent when coupled with the disparity in income between her tax returns and the money in her bank accounts was sufficient to render the entire amount in her checking account forfeitable.
{¶ 51} The trial court agreed, concluding that because it was impossible to distinguish those funds from the ones that Galvez *360 had legitimately earned, the state should be entitled to the entirety of the funds in the account. As the majority acknowledges, the state's theory of recovery has been rejected by both federal and Ohio courts because it negates the statutory requirement that the state must connect the seized money to illegal activity. The majority's decision to forfeit the entirety of the funds in Galvez's checking account is not supported by the record and is contrary to the law. As a result, I respectfully dissent from that portion of the majority's opinion.